UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

YUE PING SUN, CHUN HUA CHEN,
and JUAN LI,

                Plaintiffs,

v.                                                  3:14-CV-912 (BKS/DEP)

BUFFET STAR OF VESTAL INC. d/b/a
BUFFET STAR, STANLEY TUNG,
and MAN TUNG,

                Defendants.
_____

**Appearances:**

For Plaintiffs:
Jian Hang, Esq.
Hang & Associates, PLLC
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

For Defendants:
Morton S. Minsley, Esq.
101 Lafayette Street, 10th Floor
New York, New York 10013

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

      Plaintiffs Yue Ping Sun, Chun Hua Chen, and Juan Li brought this action under the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq.* ("FLSA"), and New York State Law Labor Law ("NYLL"), asserting claims related to their employment by Defendants at the Buffet Star restaurant in Vestal, New York. (Dkt. No. 46). A jury trial was held on February 13-16, 2017, and the jury returned a verdict in favor of Plaintiffs on several of their claims. (Dkt. No. 110).

Now pending before the Court is Plaintiffs' motion for attorney's fees and costs. (Dkt. No. 115). Defendants oppose the motion. (Dkt. No. 120). Plaintiffs' motion is granted in part and denied in part, for the reasons that follow.

## II.   BACKGROUND

Plaintiffs commenced this action by filing a Collective & Class Action Complaint, asserting claims for: 1) failure to pay overtime wages under the FLSA and NYLL; 2) failure to pay spread of hours premiums under NYLL; and 3) failure to provide a notice of wages at the time of hiring under NYLL; and 4) failure to provide accurate pay statements under NYLL. (Dkt. No. 1). Plaintiffs then filed an unsuccessful motion for conditional certification of the FLSA claim as a representative collective action under 29 U.S.C. § 216(b), (Dkt. Nos. 11, 21), before successfully renewing the motion. (Dkt. Nos. 29, 47). As a result, a Notice and Consent to Join Form was mailed to all current and former employees of the Defendants' restaurant to join the lawsuit, but none did. (Dkt. Nos. 59-63). Plaintiffs also filed an Amended Complaint, adding a claim for failure to pay minimum wage under the FLSA and NYLL. (Dkt. No. 46). Plaintiffs also alleged that Defendants acted willfully, subjecting them to liquidated damages under the FLSA and NYLL. (*Id.*).

At the conclusion of the trial on February16, 2017, the jury returned a verdict in favor of Plaintiffs on the overtime, spread of hours, wage notice, and pay statement claims, but the jury found that Plaintiffs failed to prove their minimum wage claim. (Dkt. No. 110).[1] The jury also found that Plaintiffs failed to prove that Defendants acted willfully, and thus Plaintiffs were not entitled to liquidated damages. (*Id.*). The jury awarded a total of $45,651.28 in damages. (Dkt. Nos. 113, 121).

---

[1] The jury found Defendants Buffet Star of Vestal, Inc., Man Tung and Stanley Tung liable; the jury rendered a verdict of no cause against Defendant Rick Tung. (Dkt. No. 121).

**III.   DISCUSSION**

Plaintiffs seek $106.603.50 in attorney's fees and costs.  (Dkt. No. 115-1, p. 5). Attorney's fees and costs are recoverable under both the FLSA and NYLL.  *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 215(2)(a) (providing for "costs and reasonable attorneys' fees"). "Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).

**A.   Reasonable Hourly Rate**

A "reasonable hourly rate" is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  The Second Circuit has held that in calculating the presumptively reasonable fee, "courts should generally use the hourly rates employed in the district in which the reviewing court sits." *Simmons*, 575 F.3d at 174 (citations and internal quotation marks omitted).

Here, the requested attorney's fees consist of: 1) $350 per hour for Jian Hang, the principal attorney at Hang and Associates, PLLC and the attorney who handled most of the case, including the trial; 2) $200 per hour for Keli Liu and Marisol Santos, attorneys at Mr. Hang's firm with over two years of experience who also worked on the case; and 3) $175 per hour for Phillip Kim, a first year attorney at Mr. Hang's firm.  (Dkt. No. 115-1, pp. 10-11).  These rates are somewhat higher than those employed in the Northern District of New York.  *See Engineers Joint Welfare Fund v. C. Destro Dev. Co.*, 178 F. Supp. 3d 27, 35-36 (N.D.N.Y. 2016) ("Recent

cases in the Northern District have upheld hourly rates between $250 and $345 for partners, between $165 and $200 for senior associates, and between $80 and $90 for paralegals.") (citing *Pope v. County of Albany*, No. 11 Civ. 0736, 2015 WL 5510944, at *9, 2015 U.S. Dist. LEXIS, at *26–27 (N.D.N.Y. Sept. 16, 2015) (collecting cases)). Nonetheless, Plaintiffs' attorneys, who are based in Flushing, New York, argue that the Court should grant them the higher rates employed in the Southern and Eastern Districts of New York due to their "specialized practice." (Dkt. No. 115-1, p. 9).

The Second Circuit has explained that "when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule," and "[i]n order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Simmons*, 575 F.3d at 175–76. "In determining whether a litigant has established such a likelihood, the district court must consider experience-based, objective factors," including "counsel's special expertise in litigating the particular type of case, if the case is of such nature as to benefit from special expertise." *Id.* "Among the ways an applicant may make such a showing is by establishing that local counsel possessing requisite experience were unwilling or unable to take the case . . . or by establishing, in a case requiring special expertise, that no in-district counsel possessed such expertise." *Id.*

Here, Plaintiffs' attorney Jian Hang asserts that he has special expertise based on over ten years of experience in the field of employment law and his fluency in Chinese, which is vital for communication with clients who only speak Chinese, such as the Plaintiffs in this case. (Dkt. No. 115-1, pp. 9-10). As to the associate attorneys, Mr. Hang states that they have "specialized knowledge of the FLSA and NYLL." (*Id.*, p. 11). However, Plaintiffs' attorneys have failed to

4

make a particularized showing that no in-district counsel possessed such expertise; instead Mr. Hang simply states in conclusory fashion that "I do not know of any other lawyers in the Northern District of New York who is [sic] fluent in Chinese and handle as much wage and hour litigation as myself," and "there is no market for Chinese-speaking attorneys doing wage and hour cases in the Northern District." (Dkt. No. 115-2, ¶¶ 9-10). Moreover, even if there were no experienced in-district attorneys fluent in Chinese, such attorneys could have hired interpreters and perhaps produced the same result. Plaintiffs' counsel have failed to meet their burden to show otherwise.[2] Accordingly, the Court will apply the recent rates from the Northern District of New York, accounting for the relative experience of the attorneys, as follows: $300 per hour for Mr. Hang; $175 per hour for Keli Liu and Marisol Santos; and $150 per hour for Phillip Kim.

## B. Reasonable Number of Hours

"The fee applicant also bears the burden of documenting the hours spent by counsel, and the reasonableness thereof." *Stevens v. Rite Aid Corp.*, No. 13 Civ. 783, 2016 WL 6652774, at *4, 2016 U.S. Dist. LEXIS 159468, at *9 (N.D.N.Y. July 6, 2016). "In determining a reasonable fee, the district court should exclude . . . hours that were not reasonably expended, including hours that are excessive, redundant, or otherwise unnecessary." *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 28 (N.D.N.Y. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)

---

[2] Courts have routinely rejected similar requests that were not accompanied by specific proof that out-of-district counsel was necessary. *See Green v. City of New York*, 403 F. App'x 626, 628 (2d Cir. 2010) ("Appellants have made no showing, beyond mere conjecture, that 'local counsel possessing requisite experience were unwilling or unable to take the case,' or that no in-district counsel possessed expertise necessary to litigate the case.'") (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 176 (2d Cir. 2009)); *Simmons*, 575 F.3d at 177 ("Simmons presented no evidence to the district court or on appeal that, had she retained Eastern District counsel instead of Southern District counsel, she would have received a substantially inferior result to that provided by her selected counsel. Nor has she shown that Eastern District counsel were unable or unwilling to take her case."); *Pope v. County of Albany*, No. 11 Civ. 736, 2015 WL 5510944, at *9, 2015 U.S. Dist. LEXIS 123379, at *24 (N.D.N.Y. Sept. 16, 2015) (rejecting higher rates where "Plaintiffs have not made a particularized showing that it was necessary for an out-of-district firm to be involved in this case"); *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 27 (N.D.N.Y. 2015) ("Plaintiff has not met his burden of making a particularized showing that he 'would have received a substantially inferior result to that provided by [his] selected counsel' if he had retained local counsel.") (quoting *Simmons*, 575 F.3d at 177).

5

(internal quotations omitted). "In excluding hours that were not reasonably expended, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* (citing *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)) (internal quotations omitted).

Here, Plaintiffs' counsel request a fee award based on a total of 299.4 hours, broken down as follows: 1) 270.1 by Mr. Hang; 2) 8.3 by Ms. Santos; 3) 17.5 by Mr. Kim; and 4) 3.5 by Ms. Liu. (Dkt. No. 115-3, p. 9). In support of this request, Plaintiffs' counsel have submitted a chart tallying the number of hours worked by each attorney and generally describing the nature of work for each dated entry. (*Id.*, pp. 1-9). But Defendants point out that "counsel's time records also do not appear to be actual contemporaneous time records, but merely a word-processed recapitulation and summary of the time claimed to be spent." (Dkt. No. 120, p. 7).

It is well-established that "attorneys seeking an award of fees from the Court must submit contemporaneous time records from which the Court can determine whether the hours expended were reasonable." *H & R Block Tax Services, LLC v. Strauss*, No. 15 Civ. 85, 2015 WL 4094649, at *6, 2015 U.S. Dist. LEXIS 87668, at *17 (N.D.N.Y. July 7, 2015); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("[A]ny attorney. . . who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done."). In this case, although Plaintiffs have submitted a chart itemizing dates, tasks performed, and hours worked, Mr. Hang has not established that this document is based on contemporaneous time records. Mr. Hang's supporting affidavit simply states that the chart is a "work record of Hang & Associates, PLLC on this case." (Dkt. No. 115-2, ¶ 16). While the records do contain

6

itemized descriptions of work performed on specific dates and hours spent, a number of the entries in the summary chart lack sufficient detail for the Court to assess the reasonableness of the time expended, a problem sometimes compounded by block billing.[3] (*See, e.g.*, Dkt. No. 115-3, p. 8, entry dated February 1, 2017, allotting 3.7 hours for "Attention to the exhibits filed by defendants and arrange to file a motion in limine, and prepare the trial."). Considering the absence of evidence that the records are contemporaneous and some of the sparse descriptions in the summary chart, the Court will reduce the number of hours for which fees are awarded by fifteen percent.[4] *See H & R Block Tax Services, LLC*, 2015 WL 4094649, at *7, 2015 U.S. Dist. LEXIS 87668, at *19 (reducing requested fee award by thirty percent "because Plaintiff has not submitted contemporaneous time records") (citing cases); *see also People ex rel. Vacco v. Rac Holding, Inc.*, 135 F. Supp. 2d 359, 364 (N.D.N.Y. 2001) (collecting cases reducing requested fee awards by ten to twenty percent for vague or incomplete billing records).

### C.    Discount for Degree of Success

Defendants also argue that the Court "should apply a further discount for the lack of success achieved in this case." (Dkt. No. 120, p. 8). The Supreme Court has held that the "most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (internal quotations and citation omitted). "A district court's assessment of the 'degree of success' achieved in a case is not limited to

---

[3] "Block billing refers to grouping multiple tasks into a single billing entry, so as to leave unclear how much time was devoted to each constituent task." *Benihana Inc. v. Benihana of Tokyo, LLC*, 14 Civ. 792, 2016 WL 3647638, at *5, 2016 U.S. Dist. LEXIS 84960, at *14 (S.D.N.Y. June 29, 2016) (internal quotation and citation omitted).

[4] Defendants also object that Mr. Hang appears to have done the lion's share of work on the case, including "mundane work more appropriately performed by associates includes drafting pleadings, drafting simple boilerplate motions for collective action certification, drafting revising and translating the consent form, preparation of Exhibit lists and other pre-trial documents." (Dkt. No. 120, p. 6). However, the Court declines to discount the number of hours simply because Mr. Hang may have been able to better delegate to his associates. *Cf. Recca v. Asset Maximization Group, Inc.*, 15 Civ. 7667, 2016 WL 1275052, at *3, 2016 U.S. Dist. LEXIS 44615, at *8 (S.D.N.Y. Mar. 31, 2016) (reducing attorney hours which "should have been performed by paralegals or other administrative staff").

inquiring whether a plaintiff prevailed on individual claims." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 254 (2d Cir. 2005)). "Both 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." *Id.* (quoting *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir. 1997)).

In this case, Plaintiffs ultimately prevailed on four of the claims they asserted in the Amended Complaint. However, Plaintiffs failed to prove their minimum wage claim or that Defendants acted willfully, which would have entitled Plaintiffs to liquidated (double) damages. Further, it must be noted that although Plaintiffs obtained certification as a Collective Action, they failed to expand the scope of the action because no other current or former employees joined the lawsuit. Accordingly, based on the quantity and quality of relief obtained, the Court will reduce the number of hours for which fees are awarded by an additional twenty percent.[5]

In sum, after carefully considering all the relevant factors, adjusting the requested rates, and reducing the requested hours by thirty-five percent, the Court finds that Plaintiffs are entitled to attorney's fees in the total amount of $55,722.00, broken down as follows:

| Attorney | Adjusted Rate | Adjusted Hours | Reasonable Fees |
|---|---|---|---|
| Jiang Hang | $300.00 | 175.57 | $52,671.00 |
| Keli Liu | $175.00 | 2.28 | $399.00 |
| Marisol Santos | $175.00 | 5.40 | $945.00 |
| Phillip Kim | $150.00 | 11.38 | $1,707.00 |

---

[5] Some courts have reduced attorney's fees by as much as fifty percent where the plaintiffs seek but fail to secure certification as a collective action under the FLSA. *See Barfield v. New York City Health and Hosps. Corp.*, 05 Civ. 6319, 2006 WL 2356152, at *3, 2006 U.S. Dist. LEXIS 56711, at *9 (S.D.N.Y. Aug. 11, 2006), *aff'd*, 537 F.3d 132 (2d Cir. 2008) ("The district court did not abuse its discretion in reducing attorney's fees to reflect plaintiff's failure to secure collective action certification."). In this case, although Plaintiffs secured certification as a collective action, some reduction is nonetheless warranted since they were ultimately unsuccessful in expanding the action to include additional employees.

### D.    Costs & Expenses

Lastly, Plaintiffs seek costs and expenses in the amount of $6,646 for filing fees, process service fees, translator fees, and travel related expenses.  (Dkt. No. 115-1, p. 15).  As mentioned, both the FLSA and the NYLL provide that plaintiffs may recover reasonable costs.  The Court has reviewed the supporting documents for these costs and expenses (Dkt. No. 115-4, pp. 1-18), and finds them to be reasonable.

### IV.    CONCLUSION

For these reasons, it is

**ORDERED** that the Plaintiffs' motion for attorney's fees and costs (Dkt. No. 115) is **GRANTED in part and DENED in part**; and it is further

 **ORDERED** that Plaintiffs are awarded a total of $62,368.00 in attorney's fees and costs and expenses.

**IT IS SO ORDERED.**

Date:    June 21, 2017
         Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge